## UNITED STATES v. KNU–VISE, INC.
### Nos. 8838 and 8839.

United States District Court
E. D. Michigan, S. D.
Aug. 7, 1952.

John F. Noonan, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

John A. Blair and Harness, Dickey & Pierce, Detroit, Mich., for defendant.

KOSCINSKI, District Judge.

This matter is before the court on plaintiff's motion for summary judgment in both suits, filed under the Renegotiation Act, 50 U.S.C.A.Appendix, § 1191, to recover balance claimed due for excessive profits realized by defendant during the fiscal years 1943 and 1944. Separate suits were filed for refund of excessive profits for each of the two years, but all proceedings in both suits were heard at the same time.

On or about June 21, 1945, the War Contracts Price Adjustment Board, in a unilateral determination, found that defendants realized $80,000 of excessive profits during 1943. By application of a tax credit of $34,495.26 for that year, the principal sum of this renegotiation debt was reduced to $45,504.75. From October 30, 1945 until October 22, 1947, payments totalling $29,-258.74 were withheld by plaintiff under provisions of the Renegotiation Act. Plaintiff applied $25,070.82 to principal, after deducting $4,188.11 for interest computed at 6%.

On or about January 4, 1946, the War Contracts Price Adjustment Board, in another unilateral determination, found that excessive profits of $35,000 were realized by defendant during the year 1944. After deduction of the allowable tax credit of $20,-049.75 therefrom, the net refund due and owing was $14,950.25.

Timely petitions were filed by defendants in the Tax Court of the United States for redetermination of excessive profits for

both fiscal years and that Court determined, on January 25, 1951, that defendant realized excessive profits of $100,000 during 1943 and $55,000 during 1944, thereby increasing by $20,000 for each of the two years the finding theretofore made under the unilateral determinations.

Of the additional $20,000 determined to be excessive profits for 1943, a tax credit of $7,009.45 was applied in reduction of this excess to $12,990.55; as to the additional $20,000 determined to be excessive profits for 1944, a tax credit of $18,710.76 reduced the excess of $1,289.24.

Defendant thereafter filed a timely petition for review of the Tax Court decisions to the United States Court of Appeals for the District of Columbia, which affirmed the Tax Court on February 21, 1952, Knu-Vise, Inc. v. War Contracts Price Adjustment Board, D.C.Cir., 195 F.2d 198.

During the pendency of this suit and pursuant to an order of this court entered on December 18, 1950, defendant deposited with the Clerk of the Court bonds in the amount of $50,000 as security for payment of any judgment to be entered herein.

Defendant objects to allowance of interest to plaintiff at the rate of 6% claimed by plaintiff and also contends that this court should limit the period during which interest is to be computed in arriving at a judgment. In support of this contention defendant cites the 1951 Renegotiation Act, 50 U.S.C.A.Appendix, § 1215(b) (2), which limits to three years the period during which interest accrues after the filing of a petition for redetermination in the Tax Court, if no final determination is made by that court within such three-year period.

 The provision as to limitation of interest included in the 1951 Renegotiation Act is not found in the 1948 Act, under which these actions were filed, and has no application to proceedings filed under the earlier statute. Plaintiff is entitled to interest for the periods claimed in its motion for summary judgment.

The rate of interest in renegotiation claims is discretionary with the court. United States v. Abrams, 6 Cir., 1952, 197 F.2d 803.

The additional burden placed on the Tax Court occasioned by the filing of numerous petitions for redetermination of excessive profits considerably delayed disposition of such petitions so that more than five years elapsed from the time defendant's petition was filed in that Court before the matter was there concluded. Neither of the parties to this action was chargeable with this delay. Under these circumstances it is the opinion of this court that allowance of interest to plaintiff at the rate of 4% per annum will fairly and adequately compensate it for the delay in payment of its claim, and at the same time make allowance for factors which mitigate in defendant's favor.