**UNITED STATES v. MILLER.**

No. 12044.

United States District Court
E. D. Michigan, S. D.

March 9, 1953.

John F. Noonan, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Goddard, McClintock, Fulton & Donovan, Detroit, Mich., for defendant.

KOSCINSKI, District Judge.

This is an action under the Renegotiation Act, 50 U.S.C.A.Appendix, § 1191, to recover balance claimed due for excessive profits for the years 1943, 1944 and 1945, as determined by the War Contracts Price Adjustment Board.

Defendant filed a motion for an order staying these proceedings on the grounds that defendant did not realize any excessive profits for the years in issue; that he filed a timely petition for redetermination of excessive profits in the Tax Court of the United States, which petition is still pending; and that defendant will suffer irreparable loss if plaintiff proceeds to judgment at the present time.

Plaintiff relies on subsection (e) (1) of the Renegotiation Act as authority for proceeding to judgment in this suit, despite the pending proceeding in the Tax Court, in view of the provision in that subsection that "The filing of a petition [for redetermination in the Tax Court] under this subsection shall not operate to stay the execution of the order of the Board under subsection (c) (2)."

The amount of excessive profits in any given case may be finally determined, under the Act, by one of three methods:

1. After a conference with the contractor or sub-contractor, the War Contracts Price Adjustment Board may agree with the contractor or sub-contractor on the amount of excess profits as provided in subsection (c) (1).

*Any such agreement shall be conclusive* according to its terms and except upon a showing of fraud or malfeasance or a willful misrepresentation of a material fact, the agreement shall not, for the purpose of this section, be reopened as to the matters agreed upon, shall not be modified by any officer, employee or agent of the United States, and shall not be annulled, modified, set aside, or disregarded in any suit, action, or proceeding. This provision is contained in subsection (c) (4).

2. If the Board does not make an agreement with respect to the elimination of excessive profits, it shall issue and enter an order determining the amount, if any, of such excessive profits; *in the absence of the filing of a petition with the Tax Court under subsection (e) (1), such order shall be final and conclusive* and shall not be subject to review or redetermination by any court or other agency. See subsection (c) (1).

3. Any contractor or sub-contractor aggrieved by an order of the Board may, within ninety days after mailing of the notice of such order, file a petition with the Tax Court of the United States for a redetermination of the amount of excessive profits. Upon such filing, *such court shall have exclusive jurisdiction, by order, to finally determine the amount, if any, of such excessive profits*, and such determination shall not be reviewed or redetermined by any court or agency. See subsection (e) (1).

Subsection (c) (2) enumerates the following methods of executing the Board's order of excess profits determination, as finally determined by any of the three processes listed above:

(A) Reductions in amounts otherwise payable to the contractor or a revision of the terms of the contracts;

(B) Withholding such excessive profits from amounts otherwise due the contractor;

(C) Withholding by contractor of excessive profits due by a sub-contractor;

(D) Recovery through repayment, credit, or suit;

(E) A combination of these methods, as is deemed desirable.

This subsection also authorizes actions in appropriate courts to recover amounts not withheld or eliminated by any other method under this section.

The provision in subsection (e) (1) to the effect that filing of a petition in the Tax Court shall not operate to stay execution of the Board's order, by methods just enumerated, authorizes elimination by administrative action or by suit or a combination of the methods, as is deemed desirable. Since the Act confers exclusive jurisdiction on the Tax Court to determine the amount of excess profits due, federal district courts or any other courts clearly have no jurisdiction to determine the amount due. Since a federal district court cannot proceed to trial in a suit on an amount not finally determined, because it lacks jurisdiction to go into the question of amount due, and no summary judgment may be obtained under Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S. C.A., under which plaintiff could proceed only if no genuine issue as to any material fact exists, there is nothing this court can do except await final determination of the amount in the Tax Court. It is obvious, therefore, that subsection (e) (1) does not intend to confer jurisdiction on federal courts to render judgments determining obligations for excess profits, when it has specifically and exclusively conferred such jurisdiction on the Tax Court in the preceding portion of the same subsection of the Act. In instances in which the amount is not finally determined, therefore, only the administrative measures of executing the Board's order should be deemed desirable and appropriate, such as elimination by withholding, by repayment, credit, or similar methods; amounts eliminated by these administrative means can be deducted from

the sum finally determined to be due by the Tax Court, utilizing the remedy by suit in the federal district court only for enforcement of such final Tax Court determination.

Plaintiff here asserts a claim for excessive profits while defendant denies that any amount whatsoever is due. The Tax Court has now before it the redetermination of amount, if any, which is due. Until such time as that amount is finally determined, plaintiff may not proceed to judgment in the present suit.

Aside from legal issues, practical considerations compel awaiting the outcome of the Tax Court proceedings. In a similar action filed in this court, see United States v. Knu-Vise, Inc., D.C.Mich.E.D.S.D., 111 F.Supp. 135. Further proceedings were stayed pending the Tax Court determination, although plaintiff urged entry of summary judgment. The Tax Court eventually determined excessive profits of Forty thousand ($40,000.00) Dollars in excess of the sum determined by the Board. Knu-Vise, Inc. v. War Contracts Price Adjustment Board, Docket Nos. 358-R and 476-R; decided by the Tax Court January 5, 1951 and reported in 195 F.2d 198, on appeal.

An attempt by the Government to collect the additional Forty thousand ($40,000.00) Dollars on the basis of the decision of the Tax Court, and administrative body, after entry of a final judgment in this court, based on the same order of the War Contracts Price Adjustment Board, would present serious legal problems.

It is plaintiff's contention that the Renegotiation Act contemplates speedy elimination of excessive profits, hence the provision in the act, that execution of the Board's order should not be stayed, should be interpreted as permitting a suit in federal courts for the collection of the amount due regardless of proceedings pending in the Tax Court, which may involve considerable delay before determination. The purpose of the Act for speedy elimination would be thwarted, rather than aided, if litigants, who in good faith dispute the amount due, were compelled to seek redress by appeal from premature judgments in this

court; such course would subject both the Government and the litigant to unnecessary expense and protracted litigation, extending, perhaps, beyond the time when the Tax Court rendered its decisions.

For reasons herein stated, an order will be entered granting defendant's motion for stay of proceedings in this court until a final determination by the Tax Court of the amount of excessive profits due.