**CHAMBERS v. LUCAS, Commissioner of Internal Revenue.**

Court of Appeals of District of Columbia.
Submitted April 10, 1930.
Decided May 5, 1930.

C. H. Bradley and John Philip Hill, both of Washington, D. C., for appellant.

Mabel W. Willebrandt, Asst. Atty. Gen., and C. M. Charest, V. J. Heffernan, Sewall Key, and John G. Remey, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from an order of the United States Board of Tax Appeals dismissing appellant's petition asking a redetermination of deficiencies in taxes for the years 1922, 1923, and 1924.

It appears that on November 10, 1927, the Commissioner mailed appellant the statutory notice of his determination of deficiencies; and on January 10, 1928, appellant filed his petition with the Board asking for a redetermination of the deficiencies. The Commissioner filed a motion to dismiss for lack of jurisdiction, on the ground that the petition was not filed with the Board until the 61st day after the mailing of the deficiency notice, the 60th day not being Sunday.

Section 274(a) of the Revenue Act of 1926, 44 Stat. 55 (26 USCA § 1048), provides as follows: "If in the case of any taxpayer, the commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency."

Rule 61 of the Rules of Practice before the Board of Tax Appeals provides: "When the time prescribed by these rules for doing any act expires on a Sunday or a legal holiday in the District of Columbia, such time shall extend to and include the next succeeding day that is not a Sunday or such a legal holiday; Provided, That when the time for performing any act is prescribed by statute

nothing in these rules shall be deemed to be a limitation or extension of the statutory time fixed." Under Rule 1 of the Rules of Practice of the Board of Tax Appeals, it is provided that "the office of the Board at Washington, D. C. will be open each business day from 9:00 o'clock a. m. to 4:30 o'clock p. m."

It is contended that, inasmuch as the notice of November 10, 1927, was not filed until 4:45 o'clock p. m., it should not be counted as having been mailed until November the 11th; and that, inasmuch as it could not be mailed on the 11th until after the opening of the business day, 9:00 o'clock a. m., that day should not be counted, and since appellant's petition was filed during the business day of Tuesday, January 10, 1928, the fraction remaining of that day should not be counted as a day. Therefore, by excluding November 10 and 11, 1927, and Tuesday, January 10, 1928, the petition was filed within 60 days.

In support of this method of computation defendant relies upon the case of Lewis-Hall Iron Works v. Blair, 57 App. D. C. 364, 23 F.(2d) 972, but this case is not in point. The court was there called upon to define the meaning of the word "file," and decided that a petition deposited with the Board at 7:10 o'clock of the 60th day was not, in view of Rule 1, filed within the time limit fixed by statute. The only question there considered was the effect of filing a petition outside of the business hours of the board. The court upheld the Board's ruling; and the question of the exclusion from the computation of the 60th day, had the petition been filed in business hours, was not considered. The decision cannot, therefore, be cited as authority for considering November 10th as the mailing day. But even if appellant's contention as to the failure to mail the notice within business hours on November 10th were sustained, then the period would run from the begining of November 11th, and 60 days from that date would expire on Monday, January 9, 1928, while appellant's petition was not filed until January 10th.

■ In the present case the sixtieth day did not fall on a Sunday or a holiday, hence the case comes clearly within the limitations both of the statute and the rule. The rule as to computing time in cases of this sort was early announced by the Supreme Court in Sheets v. Selden's Lessee, 2 Wall. 177, 190, 17 L. Ed. 822, as follows: "The general current of the modern authorities on the interpretation of contracts, and also of statutes, where time is to be computed from a particular day or a particular event, as when an act is to be performed within a specified period from or after a day named, is to exclude the day thus designated, and to include the last day of the specified period." In the present case, excluding the notice day, November 10, 1927, and including the day the petition was filed, January 10, 1928, appellant failed to meet the requirements of the statute and the rule.

■ The proceedings for review of the Commissioner's determination by the Board are purely statutory, and must be observed to the letter. The court or the Board is not permitted to modify the statute or rule even for equitable reasons. The provision of the statute here under consideration is in the nature of a limitation upon the right of the taxpayer to avail himself of the right of appeal, and there must be a strict compliance with its provisions, if the taxpayer desires to take advantage of the rights conferred. Florsheim Brothers Dry Goods Co. v. United States, 280 U. S. 453, 50 S. Ct. 215, 74 L. Ed. 542; Lucas v. Pilliod Lumber Co. (April 14, 1930) 50 S. Ct. 297, 74 L. Ed. 829.

The action of the Board in ordering a dismissal is affirmed.