**U. S. ELECTRICAL MOTORS, Inc.,
v. JONES et al.**

**No. 9051.**

United States Court of Appeals
District of Columbia.

Argued Dec. 11, 1945.

Decided Jan. 21, 1946.

---

Mr. Robert A. Littleton, of Washington, D. C., with whom Mr. Frank H. Elmore, Jr., of Washington, D. C., was on the brief, for petitioner.

Mr. Walker W. Lowry, Attorney, Department of Justice, of Washington, D. C., pro hac vice, by special leave of Court, with whom Mr. Enoch E. Ellison, Attorney, Department of Justice, of Washington, D. C., was on the brief, for respondents.

Before GRONER, C. J., and WILBUR K. MILLER and PRETTYMAN, JJ.

PRETTYMAN, Associate Justice.

Petitioner on review filed a petition with The Tax Court of the United States for a redetermination of excessive profits as determined by the Price Adjustment Board of the Reconstruction Finance Corporation. The pertinent statute provided: [1] "* * * any such contractor or subcontractor aggrieved by a determination of the Secretary made on or after the date of the enactment of the Revenue Act of 1943, with respect to any such fiscal year [i. e., ending before July 1, 1943], as to the existence of excessive profits, which is not embodied in an agreement with the contractor or subcontractor, may, within ninety days (not counting Sunday or a legal holiday in the District of Columbia as the last day) after the date of such determination, file a petition with The Tax Court of the United States for a redetermination thereof."

By definition, the "Secretary" means the Board of Directors of the Defense Plant Corporation, [2] which in turn had delegated its powers to the Price Adjustment Board of the Reconstruction Finance Corporation. The fiscal year involved in the case

[1] Section (e) (2) of the Renegotiation Act. The Renegotiation Act was Section 403 of the Sixth Supplemental National Defense Appropriation Act, 1942, being an act of April 28, 1942, 56 Stat. 245. It was amended October 21, 1942, 56 Stat. 982, and by an act of July 1, 1943, 57 Stat. 348, and by an act of July 14, 1943, 57 Stat. 564, and by Section 701 of the Revenue Act of 1943, being an act of February 25, 1944, 58 Stat. 78. It appears as 50 U.S.C.A.App. § 1191.

[2] Renegotiation Act, Section (a) (2).

at bar ended before July 1, 1943, and the determination of the Price Adjustment Board was made after the enactment of the Revenue Act of 1943.

The petition was filed with the Tax Court on October 2, 1944.

Petitioner alleged, among other things, that by means of a communication dated July 6, 1944, a copy of which was attached, the Price Adjustment Board had advised that petitioner was required to repay a net cash amount of $7,200. It further alleged: "Said communication of July 6, 1944, referred to a signed copy, dated June 14, 1944, of a Determination and Order entered by said Board in proceedings for the renegotiation of profits realized under petitioner's contracts and subcontracts during its fiscal year ended December 1, 1942, which signed copy of such Determination and Order was sent to petitioner with said communication of July 6, 1944, and petitioner annexes hereto and makes a part hereof a true copy of such Determination and Order."

The attached document, referred to as a Determination and Order, bore the date of July 3, 1944, stamped in the upper right-hand corner of the first page, and also the date of June 14, 1944, typed in the lower left-hand corner of the last page.

October 2, 1944, was within ninety days of July 3 and July 6, 1944, but was the 110th day after June 14, 1944.

The respondents moved the Tax Court to dismiss the petition for lack of jurisdiction, because it was not filed within ninety days after the date of the determination of the excessive profits by the Board. The motion was addressed to the petition as filed. The parties were heard on the motion. The court, in disposing of the matter, referred to the fact that the letter of transmittal of July 6th, attached to the petition, stated that "Enclosed is a signed copy, dated June 14, 1944, of a Determination and Order", etc. The court then remarked on the fact that it was not alleged in the petition that July 3, 1944, was the date of determination, that it was not then contended that July 3 was the date of determination, and that the "facts of record" indicated that such was not the date of determination but that June 14, 1944, was the date of determination. The court dismissed the proceeding for lack of jurisdiction. The petitioner thereupon appealed. In this court respondents filed a motion to dismiss upon the ground that this court has no jurisdiction. This motion was heard upon the hearing of the appeal.

Two questions are raised, (1) whether this court has jurisdiction, and (2) whether the Tax Court correctly granted the motion to dismiss.

The order of the Tax Court from which this appeal was taken relates solely to its jurisdiction. It does not relate to the amount of excessive profits, if any, or to any question of law or fact, excepting only the question of jurisdiction to entertain the petition. The question at bar, therefore, is whether this court has jurisdiction to review an order of the Tax Court relating solely to the jurisdiction of the latter court in a renegotiation case.

Section 1141(a) of the Internal Revenue Code [3] provides:

"The Circuit Courts of Appeals and the United States Court of Appeals for the District of Columbia shall have exclusive jurisdiction to review the decisions of the Board [changed to The Tax Court of the United States by the Act of October 21, 1942, 56 Stat. 957], except as provided in section 239 of the Judicial Code, as amended, 43 Stat. 938 (U.S.C., Title 28, § 346); * * *."

The Renegotiation Act [4] provides: "Upon such filing such court [that is, The Tax Court of the United States] shall have exclusive jurisdiction, by order, to finally determine the amount, if any, of such excessive profits received or accrued by the contractor or subcontractor, and such determination shall not be reviewed or redetermined by any court or agency."

Respondents argue that the Renegotiation Act forbids judicial review of any act of the Tax Court in a renegotiation case. The Act does not so read. It very carefully says that the Tax Court shall have exclusive jurisdiction to determine the amount of excessive profits. It leaves untouched, by direct reference or otherwise, the remaining content of Section 1141(a) of the Internal Revenue Code. We think, therefore, that the statute places exclusive and unreviewable jurisdiction in the Tax Court to determine the amount of excessive profits, including questions of both law and fact in such determination, but that a ruling upon the

---

3 26 U.S.C.A. Int.Rev.Code, § 1141(a).     4 Section (e) (1).

jurisdiction of the Tax Court is untouched by that provision and, therefore, remains reviewable by this court. It would, we think, require clear language to indicate that Congress intended that any tribunal should have unreviewable authority to determine its own jurisdiction.[5]

The second question is whether the Tax Court correctly dismissed the petition upon the motion of the respondents. The court did not take testimony but granted the motion upon the pleadings. The only "facts of record" were as shown by the petition.

■ The statute seems to be clear that the petition must be filed within ninety days after the date of determination. This prov... ...n is jurisdictional.[6] It is a striking peculiarity of the statute that in the same paragraph, in dealing with determinations made after the enactment of the Act, it provides that the ninety days run from the date of the mailing of a notice.[7] But, however clear the statute is in its provision that the date of determination, in cases such as the one at bar, fixes the beginning of the ninety-day period, nevertheless great administrative care must be taken in enforcing such a statute, because Congress clearly intended that the aggrieved contractor should have ninety days, or approximately that time, within which to take action, and, furthermore, because, if the Secretary or the Price Adjustment Board should make a determination and then withhold notice until the ninety-day period had almost expired, a grave question of lack of due process might arise.

■ In the case at bar, it is true that the transmittal letter referred to the Determination and Order as dated June 14th, and that the petition referred to a Determination and Order dated June 14th, but a copy of the alleged Determination and Order was attached to the petition and it bore two dates, July 3rd and June 14th. On the face of that document, it was speculative whether the date of the action of determination was June 14th or July 3rd. Conceivably, it could have been either. The document may have been typed originally and dated anticipating action on June 14th, but action delayed until July 3rd when the date of action was stamped on the document; or, on the other hand, the typed date of June 14th may have been the actual date of the determination and the stamped date of July 3rd merely a date of transmittal.

An element of simple justice is involved in the situation. If June 14th was the true date of determination, petitioner's filing was too late and it is not entitled to the redetermination by the Tax Court. On the other hand, if July 3rd is the true date of determination, his petition was timely and he is entitled to a redetermination by the Tax Court. Substantive and important rights might thus be involved. We think that the Tax Court should have denied the motion to dismiss in so far as it required action upon the face of the pleadings, or should have reserved the disposition of the motion until testimony had been taken to ascertain the true date of the act of determination by the Price Adjustment Board. The true date, which is in doubt upon the face of the pleadings, must determine the jurisdiction of the Tax Court.

Respondents' motion to dismiss the appeal in this court will be denied.

Decision reversed and the case remanded for further proceedings.

---

5 It is true, as respondents urge, that the provisions of the Internal Revenue Code relating to venue upon appeal, Section 1141(b), Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1141(b), are in terms unfitted to a renegotiation. But ■ we do not believe that the awkwardness of venue provisions should nullify the substantive right of appeal.

6 Chambers v. Lucas, 1930, 59 App.D. C. 327, 41 F.2d 299.

7 Renegotiation Act, Section (e) (1).