## WARNER & SWASEY CO. v. BOARD OF DIRECTORS, RECONSTRUCTION FINANCE CORP.

### No. 9734.

United States Court of Appeals
District of Columbia.

Argued June 9, 1948.

Decided July 2, 1948.

Mr. Sturgis Warner, of Washington, D. C., with whom Mr. Warren S. Ege, of Washington, D. C., was on the brief, for petitioner.

Mr. Newell A. Clapp, Special Asst. to the Atty. Gen., with whom Mr. Frederick N. Curley, Attorney, Department of Justice, was on the brief, for respondent.

Before EDGERTON, CLARK and GRONER, Associate Justices.

GRONER, J.

The case involves certain provisions of the Renegotiation Act.[1]

Appellant, in the summer of 1946, was found by Reconstruction Finance Corporation *Price Adjustment Board* to have received excessive profits in the fiscal year 1942 under contracts with one or more former subsidiaries of Reconstruction. The statute allows a contractor in such cases to file a petition with the Tax Court for "redetermination." Appellant did that in good time. But it now appears that prior to the original determination, the subsidiary corporations referred to, namely, Defense Plant Corporation, Defense Supplies Corporation, Metals Reserve Company and Rubber Reserve Company, with one or more of whom, as we have said, appellant had contracted, were dissolved, and all the assets, duties, powers and authority of these subsidiaries were transferred to their parent, Reconstruction Finance Corporation, by Act of June 30, 1945.[2] In this situation

---

[1] Title 50, U.S.C.A.Appendix, § 1191.

[2] Act of June 30, 1945, Ch. 215, Sec. 1, 59 Stat. 310, 15 U.S.C.A. § 601 note, and 15 U.S.C.A. § 606b: "Notwithstanding any other provision of law, all functions, powers, duties, and authority of the cor-porations hereinafter designated,* are here-by transferred, together with all their

---

* Defense Plant Corporation, Metals Reserve Company, Defense Supplies Corporation, and Rubber Reserve Company.

appellant, apparently in doubt as to who should be named as party or parties respondent in the Tax Court proceeding, brought his petition against (1) Reconstruction Finance Corporation, (2) Board of Directors, Reconstruction Finance Corporation, (3) Reconstruction Finance Corporation Price Adjustment Board, and (4) the Directors, Individually, of Reconstruction Finance Corporation and Reconstruction Finance Corporation Adjustment Board. Appellee moved to dismiss as to each and every party named, *except* respondent "Board of Directors of Reconstruction Finance Corporation." The Tax Court sustained the motion, declaring that the case should be thereafter styled—"The Warner and Swasey Company, petitioner, vs. Board of Directors, Reconstruction Finance Corporation." Appellant brought the case here under Sections 1141, 1142 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev. Code, §§ 1141, 1142. See United States Elect. Motors, Inc. v. Jesse H. Jones et al., 80 U.S.App.D.C. 329, 153 F.2d 134. In the light of the rules laid down by us in the above cited case, we think we have jurisdiction, and counsel for the Unitel States does not urge the contrary.

▆ Enough has been said to show that the single question is who is the proper respondent. Appellant insists that an authoritative decision on the question is important, for the reason that at the conclusion of the proceedings in the Tax Court —if it is successful—it may then find that its case has not been maintained against the right respondent. Counsel for the United States rejoin that, technically right or wrong, the result could not prejudice appellant. This may well be, for in the circumstances, it is unlikely the United States, having succeeded in rearranging the parties to suit its own views would on this ground thereafter frustrate the results of the hearing. But whatever may be said *pro or con* on the subject does not answer the question posed on this appeal. The judge of the Tax Court who heard the mo-

tion to strike all but one of the named respondents acted favorably thereon on the ground that Reconstruction Finance Corporation Price Adjustment Board acted pursuant to authority delegated to it by the *Board of Directors* of Reconstruction Finance Corporation. But if the statement is correct—and there is nothing in the record to show it is—the Board obviously acted for and in the name of the corporation, for it had no legal right or authority to act otherwise. Likewise, the Tax Court said the term "Secretary," as used in that part of the Renegotiation Act applicable to "redetermination" of excessive profits, meant Board of Directors of Reconstruction Finance Corporation. But there is no law, or regulation having the effect of law, which justifies that conclusion in whole or in part. It is true, Section 403 of the Renegotiation Act of 1942, 50 U.S.C.A. Appendix, § 1191, provides as to the subsidiary corporations of Reconstruction Finance Corporation that the term "Secretary" [referring to certain Cabinet officers] means for purposes of renegotiation the Board of Directors of the particular corporations originally involved, i. e., Defense Plant Corporation, etc. And it would seem from this that if these subsidiary corporations had continued in existence, the Boards of these respective corporations would have been proper respondents in the Tax Court in a proceeding of this nature. But, as we have pointed out, Congress, by the Act of June 30, 1945, dissolved these auxiliaries and transferred their liabilities directly to their parent, Reconstruction Finance Corporation. From this it would seem to follow that Reconstruction Finance Corporation, *a corporation,* was the only proper party respondent. For there is certainly no provision in the law which charges its *"Board of Directors"* separately from the Corporation with any obligation or duty growing out of the dissolution. To the contrary, the language of the Act is explicit that the succession is to the *corporation* alone. If the transaction here were one

---

documents, books of account, records, assets, and liabilities of every kind and nature, to Reconstruction Finance Corporation and shall be performed, exercised, and administered by that Corpora-

tion in the same manner and to the same extent and effect as if originally vested in Reconstruction Finance Corporation, and the designated corporations are hereby dissolved: * * * "

concerning private corporations, it would not be contended that a transfer of authority expressly to the corporation is a transfer to its board of directors. And we can think of no reason why a different rule should apply to governmental instrumentalities nor why Congress, if it so intended, would have failed to say so. Our conclusion accordingly is that the correct party respondent in this proceeding is the Reconstruction Finance Corporation, and not its Board of Directors. We must therefore reverse the order of the Tax Court and remand the case to that court with instructions to dismiss the proceedings as to all the respondents except the Reconstruction Finance Corporation.

Reversed.