### ARMSTRONG v. WAR CONTRACTS PRICE ADJUSTMENT BOARD.

#### Nos. 10973-4.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 11, 1951.

Decided Jan. 17, 1952.

2. Memo. opinion of Judge Laws of July 28, 1950, app. p. 42A.

3. Atlantic Coast Line R. Co. v. Davis, 5 Cir., 185 F.2d at page 770.

Frederick H. Koschwitz, New York City, of the Bar of the Court of Appeals of New York, *pro hac vice,* by special leave of Court, with whom William F. Kelly, P. J. J. Nicolaides and Richard H. Nicolaides, all of Washington, D. C., were on the brief, for petitioner.

Frederick N. Curley, Atty., Department of Justice, Washington, D. C., with whom Edward H. Hickey, Atty., Department of Justice, Washington, D. C., was on the brief, for respondent.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Circuit Judges.

PER CURIAM.

These are petitions to review decisions of the Tax Court of the United States in renegotiation cases involving the years 1943 and 1944. Petitioner, an individual with an office in New York City, was during those years employed by several steel companies as a salesman on a straight-commission basis. Some of the sales upon which petitioner received his commissions were to companies which had contracts with the Government or were subcontractors under such contracts. The War Contracts Price Adjustment Board redetermined petitioner's profits from such commissions. He petitioned the Tax Court for a redetermination, principally upon the ground that he was not a subcontractor within the meaning of the Renegotiation Act.

The Renegotiation Act of 1943[1] provides, in pertinent part:

"(5) The term 'subcontract' means—

\* \* \* \* \* \*

"(B) Any contract or arrangement \* \* \* (i) any amount payable under which is contingent upon the procurement of a contract or contracts with a Department or of a subcontract or subcontracts, or determined with reference to the amount of such a contract or subcontract \* \* \*."[2]

Judge Disney of the Tax Court made detailed findings of fact and promulgated an exhaustive opinion upon the point.[3] We agree with his views, and upon that basis the decisions of the Tax Court are affirmed.

The Government says that this court does not have jurisdiction to review the decisions of the Tax Court. However, we are of opinion that the question presented concerns the jurisdiction of the Tax Court, and therefore we have jurisdiction to review the point.[4]

Affirmed.

---

1. 58 Stat. 78 (1944), as amended, 50 U.S.C.A.Appendix, § 1191.

2. 58 Stat. 80–81 (1944), 50 U.S.C.A.App. § 1191(a) (5) (B).

3. Armstrong v. War Contracts Price Adjustment Board, 1950, 15 T.C. 625.

4. U. S. Electrical Motors v. Jones, 1946, 80 U.S.App.D.C. 329, 153 F.2d 134; Ring Const. Corporation v. Secretary of War, 1949, 85 U.S.App.D.C. 386, 178 F.2d 714, certiorari denied, 1950, 339 U.S. 943, 70 S.Ct. 796, 94 L.Ed. 1358; Lowell Wool By-Products Co. v. War Contracts Price Adjustment Board, 1951, 89 U.S.App.D. C. ——, 192 F.2d 405.