KNU–VISE, Inc. v. WAR CONTRACTS PRICE ADJUSTMENT BOARD.
Nos. 11106, 11107.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 22, 1952.
Decided Feb. 21, 1952.

Henry H. Sills, Detroit, Mich., of the Bar of the Supreme Court of Michigan, *pro hac vice,* by special leave of Court, with whom Floyd F. Toomey, Washington, D. C., was on the brief, for petitioner. John P. Lipscomb, Jr., Washington, D. C., also entered an appearance for petitioner.

Frederick N. Curley, Attorney, Department of Justice, Washington, D. C., for respondent.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

These are petitions to review decisions of the Tax Court of the United States in renegotiation cases involving the years 1943 and 1944. This court has power to review such decisions only in respect to constitutional or jurisdictional questions.[1] Petitioner asserts a lack of procedural due process of law in the Tax Court.

The War Contracts Price Adjustment Board determined that petitioner realized excessive profits of $80,000 for 1943 and of $35,000 for 1944. In each of its petitions to the Tax Court petitioner alleged as error the disallowance as an item of cost of certain alleged royalty payments. In its answers the Board denied those allegations. In each of its petitions the petitioner also alleged the amounts of its costs and expenses in connection with its sales to companies holding Government contracts. For example, for 1943 petitioner alleged material costs, manufacturing expenses, sales expenses, and general and administrative expenses, broken down into general items, and a net profit before taxes of $104,284.56. In its answer respondent denied those allegations.

After the evidence had been taken in the Tax Court, the respondent, having received permission to do so, filed an amended answer to conform to the proof. In that answer the respondent alleged costs of sales, manufacturing expenses, selling expenses, and general and administrative expenses, broken down into general items, and a net profit before federal income taxes in the sum of $175,675.59. The respondent then prayed that the Tax Court determine the excessive profits for that year to be $130,000. The Tax Court found such profits to be $100,000.

The pleadings for 1944 were similar to those for 1943. In its amended answer in the 1944 case respondent prayed for a determination of excessive profits of not less than $85,000. The Tax Court determined the amount to be $55,000.

The statute[2] permits the Tax Court to determine as the amount of excessive profits an amount either less than, equal to, or greater than that determined by the Board.

Petitioner asserts lack of procedural due process, in that respondent's claim to affirmative relief was not asserted until after the hearing, that affirmative relief was not an issue framed by the pleadings at the time of the hearing, and that this lack con-

1. U. S. Electrical Motors v. Jones, 1946, 80 U.S.App.D.C. 329, 153 F.2d 134; Lowell Wool By-Products Co. v. War Contracts Price Adjustment Board, 1951, 89 U.S.App.D.C. —, 192 F.2d 405.

2. Sec. (e) (1) of the Renegotiation Act, which Act was Sec. 403 of Title IV of an Act of Apr. 28, 1942, 56 Stat. 245, as amended, 50 U.S.C.A.Appendix, § 1191 (e) (1).

stituted a lack of that fairness essential to due process. In essence petitioner says that it had no adequate opportunity to know and to meet the claims of the respondent. To this contention respondent makes a short answer. Prior to the hearing the parties by their counsel entered into a stipulation of certain facts. Attached to the stipulation, as Exhibit 2–B thereto, was a profit and loss statement "reflecting the exclusion of costs disputed by respondent in determining profits subject to renegotiation for the years 1943 and 1944." Respondent says that this exhibit accurately anticipated the costs, etc., pleaded in the amended answer. Therefore, says respondent, petitioner knew at the beginning of the proceeding, as is evidenced by its stipulation, what costs were disputed by respondent.

Exhibit 1–A to the stipulation was a statement of operations and an itemized statement of manufacturing and operating expenses for the years 1940–1944, as shown by the books of petitioner. Exhibit 2–B, as we have indicated, consisted of similar statements showing the items per books less amounts disputed by respondent. Total net sales for 1943 were $676,735.11. Renegotiable net sales were $630,773.47, which is 93.21 per cent of total sales. The several items of costs shown in the amended answer are that same percentage (93.21) of the corresponding items on Exhibit 2–B to the stipulation. In other words, respondent, having first computed the percentage which renegotiable sales were of total sales, pleaded in its amended answer as the costs of renegotiable sales that same percentage of the costs asserted by respondent in the stipulation. The same situation obtained as to 1944. Thus it is clear that the amended answer contained nothing concerning costs not readily discernible from the exhibit to the stipulation. As a matter of fact, at the opening of the trial, counsel for petitioner objected to the receipt of Exhibit 2–B to the stipulation, upon the ground that it related to matters not pleaded in respondent's answer or in its prayer for relief. Petitioner had adequate notice of respondent's position and figures. We find no lack of procedural due process.

All other questions raised by petitioner fall within the exclusive jurisdiction conferred by the Congress upon the Tax Court.

The decisions of the Tax Court are Affirmed.