UNITED STATES of America, and Kenneth C. Royall, Secretary of the Army, Plaintiffs,

v.

Joseph A. BASS, Raymond J. Bass and Anita Ruth Bass, individually, and as co-partners, doing business under the name and style of Joseph A. Bass Company; Paul Steenberg Construction Company, a corporation; and Fleisher Engineering & Construction Company, a corporation, Defendants.

Civ. No. 2615.

United States District Court, D. Minnesota, Fourth Division.

April 9, 1954.

Order for Summary Judgment July 26, 1954.

George E. MacKinnon, U. S. Atty., and Alex Dim, Asst. U. S. Atty., St. Paul, Minn., and Edward H. Hickey and Harland F. Leathers, Dept. of Justice, Washington, D. C., for plaintiffs.

Josiah. E. Brill, Minneapolis, Minn., for defendants.

NORDBYE, Chief Judge.

Under the terms of the Renegotiation Act, as amended, 50 U.S.C.A.Appendix, § 1191, the Under Secretary of War, on August 30, 1944, issued two unilateral orders determining that defendants had realized excessive profits in the amounts of $170,000 and $465,000 on certain war contracts. Defendants then filed timely petitions in the Tax Court, under authority of Section 403(c) of the Renegotiation Act, as amended by Section 701 of the Internal Revenue Code of 1943, Title VII, seeking a redetermination of excessive profits. While the action before the Tax Court was still pending, the Government commenced this action on October 22, 1947, to recover the amounts found to be excessive profits (less tax credits), together with interest at 6 per cent on the net balance from August 30, 1944. Effective April 18, 1948, the parties involved entered into a stipulation whereby the defendants, in order to stop the accumulation of interest charges, paid to the Government the net balance of the amount determined by the Under Secretary. of War to be excessive profits in the sum of $288,623.62. Such payment was made on April 22, 1948, "under protest and with full reservation of such rights as they [defendants] may have to recover the same." Bonds in a face amount exceeding the interest then accrued on the net balance were deposited in the Northwestern National Bank of Minneapolis as security for the payment of the interest which had accrued between August 30, 1944, and April 19, 1948. It was stipulated that this action be stayed pending the determination by the Tax Court.

In order to expedite the proceedings before the Tax Court, the parties stipulated to the facts and submitted the case on such stipulation without the introduction of evidence. The Tax Court, in an opinion promulgated May 22, 1953, sustained the Under Secretary of War's determination of excessive profits. 20 T.C. 428. By order of June 3, 1953, the Tax Court entered its decision pursuant to the opinion. Defendants have taken no appeal from the decision of the Tax Court and the time for appeal has expired.

Since the principal sum already has been paid to the Government, the Government's sole remaining claim pertains to interest. It has filed an amended complaint seeking interest at 6 per cent on $288,623.62 from August 30, 1944, the date of the unilateral determination by the Under Secretary of War. It is the Government's position that the Tax Court's decision that the profits were excessive in the net amount of $288,623.-62 is final and conclusive on this Court so that the only question left is the one pertaining to interest. The Government says that the Tax Court's decision is conclusive upon this Court for two reasons: (1) the Tax Court decision is, by statute, "final", and (2) the Tax Court decision is res judicata since no appeal was taken to the Court of Appeals from the Tax Court.

The defendants contend that the Tax Court decision is not final and conclusive here, and while apparently admitting that they cannot interpose a counterclaim here to recover the sums paid to the Government, urge that this Court "accept jurisdiction to determine all of the issues of law and fact raised by the pleadings, and to require the plaintiff to establish its cause of action de novo; and upon such evidence as may be produced, determine the issues herein, and upon making such determination, enter judgment in favor of the defendants." They apparently want a decision on the facts here so that they may proceed in the Court of Claims to recover the money paid to the Government. They seemingly base their contention that the Tax Court decision is not final upon the claim that

they have a constitutional right to have a constitutional court decide questions of law and of constitutionality. They say that Section 403(e) (1) of the Renegotiation Act makes the Tax Court decision absolutely final on all questions, and for that reason is unconstitutional. Being unconstitutional, they urge (1) that Section 403(e) (1) does not make the Tax Court decision "final" here; and (2) since there was no right of appeal to the Court of Appeals on any question, the decision of the Tax Court is not res judicata here. It follows, they say, that the Tax Court's holding can be inquired into, and they contend that such decision is wrong because, among other things, (1) the Under Secretary of War had no jurisdiction to make a unilateral determination of a contract entered into before enactment of the Renegotiation Act, and (2) the Tax Court erred in placing the burden of proof on the issue of excessive profits upon the defendants. Even if they are wrong in these contentions and the Tax Court's decision is final here, they say that the Government is entitled to no interest, but if entitled to interest, at a rate not exceeding 2¼ per cent.

The Government's motion to strike is directed to striking allegations of the amended answer that raise questions previously litigated in the Tax Court, which issues, the Government contends, are final here.

■■ The only significant difference between this case and United States v. Ring Construction Co., D.C.Minn.1951, 96 F.Supp. 762, is that, in the Ring case, the defendant appealed from the Tax Court to the Court of Appeals of the District of Columbia, where the decision of the Tax Court was affirmed. In this case, however, defendant intentionally took no appeal from the Tax Court to the Court of Appeals, apparently upon the theory that, if no appeal was taken, the issue presented to the Tax Court would not be res judicata here. But the constitutional questions which are presented here could have been reviewed on appeal to the Court of Appeals for the District of Columbia. The defendants have not been denied appellate review as they urge herein. The question of the right of appeal from a decision of the Tax Court in a renegotiation case has been set at rest by the upholding of the right to appeal under the provisions of Sections 1141 to 1146 of the Internal Revenue Code, 26 U.S.C.A. §§ 1141 to 1146. Armstrong v. War Contracts Price Adjustment Board, 1952, 90 U.S. App.D.C. 152, 194 F.2d 875; Ring Construction Corp. v. Secretary of War, 1949, 85 U.S.App.D.C. 386, 178 F.2d 714, certiorari denied 339 U.S. 943, 70 S.Ct. 796, 94 L.Ed. 1358; Blanchard Machine Co. v. R. F. C. Price Adjustment Board, 1949, 85 U.S.App.D.C. 361, 177 F.2d 727, certiorari denied 339 U.S. 912, 70 S.Ct. 571, 94 L.Ed. 1338; United States Electric Motors, Inc. v. Jones, 1946, 80 U.S.App. D.C. 329, 153 F.2d 134. The Tax Court's decision, therefore, in this matter is res judicata upon matters which were litigated, or which could have been litigated therein. That decision, therefore, cannot be collaterally attacked here. This Court has no jurisdiction to relitigate matters which were presented to the Tax Court. International Bldg. Co. v. United States, 8 Cir., 1952, 199 F.2d 12, reversed on other grounds, 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182; Pelham Hall Co. v. Hassett, 1 Cir., 1945, 147 F.2d 63; Continental Petroleum Co. v. United States, 10 Cir., 1936, 87 F.2d 91, certiorari denied 1937, 300 U.S. 679, 57 S.Ct. 670, 81 L.Ed. 883. The non-constitutional questions of fact and law which were decided by the Tax Court herein are final and not reviewable by virtue of Section 403(e) (1) of the Renegotiation Act, which provides in part that the Tax Court "shall have exclusive jurisdiction, by order, to finally determine the amount, if any, of such excessive profits received or accrued by the contractor or subcontractor, and such determination shall not be reviewed or redetermined by any court or agency." 50 U.S.C.A.Appendix, § 1191(e) (1). Moreover, this Court is in accord with

the conclusions reached in Ring Construction Corp. v. Secretary of War, 85 U.S.App.D.C. 386, 178 F.2d 714, certiorari denied 339 U.S. 943, 70 S.Ct. 796, 94 L.Ed. 1358, as to the constitutionality of Section 403(e) (1), and see Spaulding v. Douglas Aircraft Co., 9 Cir., 1946, 154 F.2d 419, 427.

The other questions raised by the motion for summary judgment have already been determined adversely to defendants' position herein in United States v. Ring Construction Corp., D.C., 96 F.Supp. 762; Ring Construction Corp. v. Secretary of War, supra.

■ As to the question of interest on excessive profits from war contracts, this Court in Ring Construction Co. v. United States, D.C., 113 F.Supp. 217, affirmed, 8 Cir., 209 F.2d 668, has set forth its views with respect thereto. The Court concludes that four per cent interest will adequately compensate the Government for defendants' delay in payment of the amount due.

At the time this matter was submitted, it was suggested by counsel for defendants that an oral argument might be helpful after the briefs were submitted. However, in view of the complete presentation by written argument of counsel, it does not seem necessary to have any oral presentation.

An order granting plaintiffs summary judgment as prayed for, with an allowance of interest at the rate of four per cent on the sum of $288,623.62 from August 30, 1944, to April 22, 1948, may be presented.

An exception is allowed.

### Order for Summary Judgment

Pursuant to the Memorandum Decision of this Court dated April 9, 1954, in the above-entitled matter, it is hereby

Ordered and adjudged:

1. That plaintiffs, United States of America, and Kenneth C. Royall, Secretary of the Army, do have and recover of and from the above-named defendants, and each of them, $42,022.78, which represents 4% interest on $288,623.62 from August 30, 1944, to April 28, 1948, inclusive, subject to a credit of $14,316.36 pursuant to the provisions of the stipulation filed April 28, 1948, so that the net amount of the recovery herein is $27,706.42.

2. That plaintiffs have judgment herein for their costs and disbursements to be taxed.

It is further ordered: That all further proceedings herein, except the entry of judgment therefor, be and the same are hereby stayed for a period of ten (10) days from and after this date for such further action as these defendants may be advised to take under the provisions of Rules 59 and 62 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

An exception is allowed.

### On Supplemental Opinion

Plaintiffs seek by amendment of the Court's memorandum decision granting summary judgment to obtain interest on the interest allowed by this Court in the sum of $42,022.78 as interest on the principal sum of excess war profits from August 30, 1944, to April 22, 1948. In making this motion, plaintiffs rely primarily upon the allowance of interest on interest in United States v. Ring Construction Corp., D.C., 113 F.Supp. 217, affirmed, 8 Cir., 209 F.2d 668. The question of interest on interest, however, was not discussed in the Ring case, either by the trial court or the Appellate Court. Apparently the Government requested interest in that form and defendants made no specific objection to the allowance of interest on interest, and the only fact question in that regard submitted to the Court was whether interest should be allowed at all and at what per cent and from what date.

I question whether the showing herein justifies allowance of interest on interest as the Government requests. The payment of the sum of $288,623.62, the principal amount of the excessive war profits as found by the Secretary of War and later affirmed by the Tax Court, ostensi-

bly was made for the purpose of stopping the running of interest. Clearly, that was the intent and purpose of the parties in entering into a stipulation whereby the principal amount could be paid without prejudice during the pendency of the proceedings in the Tax Court and any appeals that might be taken therefrom. If the Government's position is now to be sustained and interest on interest is allowed, it would have been more prudent for defendants to have deferred the payment of principal until a summary judgment was entered by the Court. In other words, if the principal amount due the Government was not paid until judgment was entered, no one would contend that plaintiffs were entitled to anything more than straight interest on the principal sum to the date of the judgment. A voluntary prepayment of the principal sum in order to prevent the accrual of a heavy interest burden should not subject the defendants to an even heavier burden by adding interest to the interest which had accumulated at the date of payment. If the Government's position is to be sustained, the allowance of interest on interest would therefore subject the defendants to a greater rate of damage than they would have had to pay if they had not made a voluntary payment of the principal amount.

It may be noted that in the amended prayer for relief in the supplemental complaint dated November 9, 1953, the Government merely asked for straight interest from August 30, 1944, on $288,-623.62, the amount paid to the Government on April 28, 1948. In the brief filed by the Government in support of its motion for summary judgment, the following appears:

"This action seeks the recovery of interest at the rate of six per cent per annum upon the previously paid principal from the date upon which it became due the Government,

namely August 30, 1944, to the date upon which it was paid, namely, April 28, 1948."

The Court, therefore, in granting summary judgment, determined the rate of interest on the principal paid from the time it became due until it was paid. This was in accordance with the Government's position in the brief and a fair construction of the amended prayer allowed on the supplemental complaint. It was not until the hearing on this motion to amend the Court's memorandum opinion granting summary judgment that the Government sought permission to again amend its prayer for relief and incorporate the claim of interest on interest which had accumulated between the years 1944 and 1948. Now, no one contends that the defendants wrongfully failed to pay the interest on April 28, 1948, when the principal sum was paid to the Government. On that date, the rate of interest had not been determined and whether interest had to be paid and from what date was undetermined. At that time the Government was concerned only with having sufficient security deposited with the Northwestern National Bank in order to secure any payment of interest which the Court might order after the Tax Court or other tribunal had determined finally the excess profits question. True, it is fair to conclude from the stipulation entered into on April 28, 1948, that the Government indicated that it might claim interest on interest when the interest question was to be determined. However, in view of all the circumstances, no good reason is suggested why damages by way of interest on interest should be granted to the Government, and therefore the Government's motion in that respect is denied.

Let this memorandum be made a part of the foregoing order.