**MARIE AND ALEX MANOOGIAN FUND**

**v.**

**UNITED STATES (two cases).**
**Nos. 12088, 12089.**

United States Court of Appeals,
Sixth Circuit.
April 28, 1954.

George L. Cassidy, Detroit, Mich. (William C. Loud, Detroit, Mich., on the brief), for appellant.

Frederick N. Curley, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., Melvin Richter, Washington, D. C., Fred W. Kaess, John L. Owen, Detroit, Mich., on the brief), for appellee.

Before McALLISTER, Circuit Judge, and GOURLEY and STARR, District Judges.

GOURLEY, District Judge.

In this renegotiation proceeding the appeals raise the validity of summary judgments entered by the District Court for excess profits. The question in each appeal is the same.

To resolve the issue, it must be known whether the Commissioner of Internal Revenue or the Tax Court is the administrative agency to determine whether the appellant is a charitable organization, absolved from renegotiation for excess profits.

The Renegotiation Act empowers the War Contracts Price Adjustment Board to determine and authorize the institution of action for excess profits, provides for hearing *de novo* before the Tax Court, and sets forth certain exemptions and authority to interpret the provisions of the Act subject to the Internal Revenue Code.[1]

This matter has been in litigation since 1948 before the Board, the Tax Court, United States courts, trial and appellate, and an appeal from the Tax Court is now pending in the Court of Appeals for the District of Columbia. Counsel for the parties have advised that congressional action may expedite the determination of the problem.

Under the Renegotiation Act, where excess profits are determined by the Board, an exhaustion of administrative remedies through the Tax Court is not optional or alternative procedure; it is the only procedure to secure a redetermination of excessive profits which have been administratively determined to exist.

Lichter v. United States, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694.

The Tax Court's judgments in renegotiation cases may be examined in the Federal appellate courts to determine whether jurisdictional or constitutional limits have been exceeded. U. S. Electrical Motors, Inc. v. Jones, 80 U.S.App. D.C. 329, 153 F.2d 134; Lowell Wool By-Products Co. v. War Contracts Price Adjustment Board, 89 U.S.App.D.C. 281, 192 F.2d 405; Chairman of United States Maritime Commission v. California Eastern Line, Inc., 92 U.S.App. D.C. 207, 204 F.2d 398.

It seems clear that we should withhold determination of the present appeal pending further action by the Court of Appeals for the District of Columbia and any consequent proceedings in the Tax Court.

In view of the complexities of the problem which exists, Government counsel has agreed that legal process will not issue to enforce the decision of the District Court pending determination of the issues under the Renegotiation Act.

Jurisdiction of the present appeal will be retained until the conclusion of the proceedings under the Renegotiation Act. After which event, the Court will entertain an application for further consideration of the issues presented in the within appeal.

---

1. Renegotiation Act of 1942 as amended, §§ 403(c) (2), 403(e) (1), 403(i) (1), 403 (i) (2), 50 U.S.C.A.Appendix, § 1191. Internal Revenue Code, § 101 (6), 26 U. S.C.A. § 101(6).