The EBCO MANUFACTURING COMPANY, and Albert Ray Benua, Individually and as Trustee for Richard S. Benua and Thomas R. Benua, and Louis P. Benua, co-partners doing business as The Ebco Manufacturing Company, Petitioners,

v.

SECRETARY OF COMMERCE, Respondent.

No. 12288.

United States Court of Appeals Sixth Circuit.

May 4, 1955.

Peter B. Atwood, Chicago, Ill., for petitioners.

Melvin Richter, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., Robert S. Green, Atty., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

STEWART, Circuit Judge.

In this proceeding petitioners seek review of the Tax Court's determination that renegotiation of petitioners' fiscal year 1942 was commenced within the period of limitations specified in § 403(c) (6) of the Renegotiation Act of 1942 as amended 50 U.S.C.A. Appendix, § 1191 (c) (6). That section provided that the government agency must commence renegotiation within one year after the close of the contractor's fiscal year. The petitioners' fiscal year ended November 30, 1942, and the Tax Court held that a telephone call and confirmatory telegram to the petitioners by an agent of the Price Adjustment Board of the United States Maritime Commission on November 29, 1943, constituted commencement of renegotiation within the meaning of the statute.

The respondent urges that this court is without jurisdiction to review the Tax Court's determination of the limitations question, and further contends that if it should be decided that we have jurisdiction, this court does not provide the proper venue for the review sought. On the merits it is, of course, respondent's

position that the Tax Court's decision was correct. We turn first to the questions of jurisdiction and venue.

Section 1141 of the Internal Revenue Code of 1939, 26 U.S.C. § 1141, broadly vests courts of appeals with "exclusive jurisdiction to review the decisions of the Tax Court".[1] On the other hand, the statute which endowed the Tax Court with power "to finally determine the amount, if any, of excessive profits" in a *de novo* renegotiation proceeding expressly provided that "such determination shall not be reviewed or redetermined by any court or agency." 50 U.S.C.A. Appendix, § 1191. To what extent this specific denial of review power in renegotiation cases undercut our broad § 1141 review jurisdiction was a question which was until recently unsettled.

The Court of Appeals for the District of Columbia had in a series of decisions formulated the principle that § 1141 gave it the power to review Tax Court renegotiation decisions on Constitutional and jurisdictional grounds, although it was without power to review the Tax Court's determination of the amount of excessive profits, "including questions of both law and fact in such determination". United States Electrical Motors, Inc., v. Jones, 1946, 80 U.S.App.D.C. 329, 153 F.2d 134, 136; Ring Construction Corp. v. Secretary of War, 1949, 85 U.S.App. D.C. 386, 178 F.2d 714 certiorari denied 1950, 339 U.S. 943, 70 S.Ct. 796, 94 L.Ed. 1358; Eastern Machinery Co. v. Under Secretary of War, 1950, 86 U.S.App.D.C. 331, 182 F.2d 99; Psaty & Fuhrman v. Stimson, 1950, 87 U.S.App.D.C. 47, 182 F.2d 985; Lowell Wool By-Products Co. v. War Contracts Price Adjustment Board, 1951, 89 U.S.App.D.C. 281, 192 F.2d 405; Armstrong v. War Contracts Price Adjustment Board, 1952, 90 U.S. App.D.C. 152, 194 F.2d 875, certiorari

denied 1952, 343 U.S. 967, 72 S.Ct. 1059, 96 L.Ed. 1363; Knu-Vise, Inc., v. War Contracts Price Adjustment Board, 1952, 90 U.S.App.D.C. 218, 195 F.2d 198. Our court had indicated its approval of this reconciliation of § 1141 with the Renegotiation Act which had been worked out by the Court of Appeals for the District of Columbia Circuit. Marie and Alex Manoogian Fund v. United States, 6 Cir., 1954, 212 F.2d 369, 370.

The Court of Appeals for the Ninth Circuit, on the other hand, had held that the renegotiation statute took from the courts of appeals all power whatever to review Tax Court decisions in renegotiation cases. That court's conclusion had been that "the affirmative provision in the renegotiation act prohibiting review applies to all that the Tax Court does in arriving at its judgment rather than just that court's bookkeeping or accountancy. * * * We are convinced that no appeal from the Tax Court is provided * * *." French v. War Contracts Price Adjustment Board, 9 Cir., 1950, 182 F.2d 560, 562, 565; see Warner v. War Contracts Price Adjustment Board, 9 Cir., 1951, 188 F.2d 363.

This conflict between the Ninth Circuit and the District of Columbia Circuit as to the reviewability of Tax Court orders in renegotiation cases was recently resolved by the Supreme Court in United States v. California Eastern Line, Inc., 1955, 348 U.S. 351, 75 S.Ct. 419. In that case the Supreme Court held that the Tax Court's finding that a contract was not subject to renegotiation under the Act was reviewable by the Court of Appeals by virtue of § 1141 of the Internal Revenue Code, thus upholding the general formulation of review power which had been worked out by the Court of Appeals for the District of Columbia Circuit.[2] The Court stated "This reconciliation of § 1141 with the Renegotiation

---

1. See Section 7482 of the Internal Revenue Code of 1954, 26 U.S.C.A.

2. Although the actual decision of the District of Columbia court was reversed in this case. The Supreme Court appears

to have decided that in this instance the Court of Appeals had not applied its own previously expressed views as to the scope of reviewability in renegotiation cases.

Act has a permissible basis, and accordingly we see no reason to upset the review practice that has grown up under it." 348 U.S. at page 354, 75 S.Ct. at page 421.

The question in the present case is, therefore, whether or not the Tax Court's determination as to the running of the statute of limitations is such a decision as is reviewable under § 1141 of the Internal Revenue Code of 1939.

The Court of Appeals for the District of Columbia decided the precise question in United States v. Martin Wunderlich Co., 1954, 211 F.2d 433.[3] In holding that it had no power to review the Tax Court's determination on the statute of limitations issue, the Court of Appeals stated: "The [tax] court decided a mixed question of fact and law regarding the timeliness, and consequent limitation bar, of renegotiation of a particular contract. This was not a jurisdictional decision but one which properly falls within those incidental to the determination of the amount of excessive profits, unreviewable by any court." 211 F.2d at page 436.

■ In view of this decision of the Court of Appeals for the District of Columbia and of the approval of that court's "reconciliation of § 1141 with the Renegotiation Act" expressed by the Supreme Court in the California Eastern Line opinion, we conclude that we are without jurisdiction to review the Tax Court's determination in the present case. Unlike the question of renegotiability involved in the California Eastern Line case, going to the basic issue of statutory power to renegotiate, the question in the present case relates only to a procedural question in the renegotiation process, final resolution of which Congress appropriately left to the Tax Court

■ Even if we have misconceived the teaching of the California Eastern Line decision, however, we find no law which fixes venue for this proceeding in this court. Section 1141 of the Internal Revenue Code of 1939 lays venue in the court of appeals "for the circuit in which is located the collector's office to which was made the return of the tax in respect of which the liability arises or, if no return was made, then by the United States Court of Appeals for the District of Columbia."[4]

These venue provisions were obviously tailored to fit tax cases, not renegotiation cases. In the present proceeding, as in all renegotiation cases, no "liability arises" in respect to any "return." No "collector," no "Commissioner," and no "taxpayer" as such is party to the proceeding.

The only two cases which we have found in which the contractor sought review in a renegotiation case elsewhere than in the District of Columbia Court of Appeals are French v. War Contracts Price Adjustment Board, and Warner v. War Contracts Price Adjustment Board, supra. As stated above, the Ninth Circuit Court of Appeals disposed of those cases primarily on jurisdictional grounds, but also was of the opinion that "this court does not afford the proper venue for the review sought if, perchance it may be held that a review is in some wise authorized." 182 F.2d at page 561.

We are in agreement. The language of section 1141 plainly requires the conclusion that where review of Tax Court decisions in renegotiation cases is permissible, venue for such review is in the Court of Appeals for the District of Columbia.

The petition for review is accordingly dismissed.

3. Overruling on this point its prior decision in Blanchard Mach. Co. v. Reconstruction Finance Corporation Price Adjustment Board, 1949, 85 U.S.App.D.C. 361 177 F.2d 727, certiorari denied 1950, 339 U.S. 912, 70 S.Ct. 571, 94 L.Ed. 1333.

4. Or in any court of appeals "which may be designated by the Commissioner and the taxpayer by stipulation in writing." There was no such stipulation in this case.