**METALLURGICAL, INC.,** Petitioner,

v.

The **RENEGOTIATION BOARD,** Respondent.

No. 18683.

United States Court of Appeals Eighth Circuit.

Aug. 28, 1967.

844

E. A. Danforth, Minneapolis, Minn., for petitioner, Danforth & Allen, Minneapolis, Minn., on the brief.

Irwin Goldbloom, Atty., Dept. of Justice, Washington, D. C., for respondent, Barefoot Sanders, Asst. Atty. Gen., and John C. Eldridge, Atty., Dept. of Justice, Washington, D. C., on the brief.

Before MEHAFFY and GIBSON, Circuit Judges, and STEPHENSON, District Judge.

FLOYD R. GIBSON, Circuit Judge.

Petitioner, Metallurgical, Inc., seeks review under § 7482 Internal Revenue Code, 26 U.S.C. § 7482(a), of a decision of the Tax Court determining excessive profits of $110,000.00 against the petitioner on renegotiable business for petitioner's 1954 fiscal year. Petitioner is a Minne-sota corporation engaged in the business of heat treating of metals.

The issues in the Tax Court, which has authority to hear these types of cases *de novo*, were by stipulation limited to (1) whether petitioner filed a timely application with the Renegotiation Board for a standard commercial service exemption pursuant to § 106(a) (8) of the Act (Renegotiation Act of 1951, 65 Stat. 7, 50 U.S.C. App. § 1211 et seq., as amended); and (2) whether renegotiation proceedings for the fiscal year of 1954 are barred by the statutes of limitation of Section 105(c) of the Act, 50 U.S.C. App. § 1215 (c).[1]

We will first discuss the Renegotiation Board's contention that we lack jurisdiction to pass upon the issues raised by the petitioner in its Petition for Review.

Section 108 of the Renegotiation Act of 1951, 50 U.S.C. App. § 1218(b) (1958 ed.) expressly provides that the Tax Court of the United States "shall have exclusive jurisdiction, by order, to finally determine the amount, if any, of such excessive profits * * * and such determination shall not be reviewed or redetermined by any court or agency". Under 26 U.S.C.A. § 7482(a) (1954 Code [2]), the Court of Appeals has a broad grant of "exclusive jurisdiction to review decisions of the Tax Court".

The cases, except for the Ninth Circuit, are uniform and unanimous in holding, for the period in question,[3] that while v.e have exclusive jurisdiction to review decisions of the Tax Court under 26 U.S.C. 7482(a), that our jurisdiction in renegotiation cases is by § 108 of the Renegotiation Act of 1951, 50 U.S.C. App. § 1218 (1958 ed.) limited to review of juris-

---

1. The stipulation also provided that if the Tax Court rejected petitioner's contention on the limitation issue and the service exemption issue it could enter an order determining excessive profits in the amount of $110,000.00.

2. Similar provisions appeared in § 1141 of the I.R.C. of 1939, 26 U.S.C. (1952 ed.) 1141.

3. The scope of review in renegotiation cases by the Courts of Appeals was enlarged in 1962, 50 U.S.C. App. §§ 1218–1218a. This Congressional change however, is only applicable to petitions for redetermination that were filed in the Tax Court after July 3, 1962. The petition before the Tax Court in this case was filed on June 27, 1960 and the jurisdictional issue is to be decided on the basis of the law prior to the 1962 change.

dictional and constitutional issues, and thus we lack authority to review the Tax Court's determination of the amount of excessive profits, "including questions of both law and fact in such determination". U. S. Electrical Motors, Inc. v. Jones, 80 U.S.App.D.C. 329, 153 F.2d 134, 136, (1946); Ring Const. Corporation v. Secretary of War, 85 U.S.App.D.C. 386, 178 F.2d 714 (1949), cert. denied 339 U.S. 943, 70 S.Ct. 796, 94 L.Ed. 1358; Eastern Machinery Co. v. Under Secretary of War, 86 U.S.App.D.C. 331, 182 F.2d 99 (1950); Psaty & Fuhrman v. Stimson, 87 U.S. App.D.C. 47, 182 F.2d 985 (1950); Lowell Wool By-Products Co. v. War Contracts Price Adjustment Board, 89 U.S.App.D.C. 281, 192 F.2d 405 (1951); Armstrong v. War Contracts Price Adjustment Board, 90 U.S.App.D.C. 152, 194 F.2d 875 (1952), cert. denied 343 U.S. 967, 72 S.Ct. 1059, 96 L.Ed. 1363 (1952); Knu-Vise, Inc., v. War Contracts Price Adjustment Board, 90 U.S.App.D.C. 218, 195 F.2d 198 (1952[4]).

The Ninth Circuit had gone further and held that the Courts of Appeal had no jurisdiction to review the Tax Court's redetermination of excessive profits on any issue. French v. War Contracts Price Adjustment Board, 182 F.2d 560 (9 Cir. 1950); Warner v. War Contracts Price Adjustment Board, 188 F.2d 363 (9 Cir. 1951).

The holdings of the District of Columbia Circuit on the issue of the scope of appellate review of the Tax Court's redetermination of excessive profits under the Renegotiation Acts of 1942 and 1951, as amended, was approved by the United States Supreme Court in United States v. California Eastern Line, Inc., 348 U.S. 351, at 354, 75 S.Ct. 419, at 421, 99 L.Ed. 383 (1955), with the Court there holding: "This reconciliation of § 1141 (now Section 7482(a)) of the 1954 Code, 26

U.S.C. Section 7482(a) with the Renegotiation Act has a permissible basis, and accordingly we see no reason to upset the review practice that has grown up under it". This settled the conflict between the District of Columbia and Ninth Circuits.

The limited review concept was approved in Marie and Alex Manoogian Fund v. United States, 212 F.2d 369, 370 (6th Cir. 1954), cert. denied 352 U.S. 929, 77 S.Ct. 228, 1 L.Ed.2d 164, by the Sixth Circuit prior to United States v. California Eastern Line, Inc., supra (1955), and subsequently followed by that Circuit in Ebco Manufacturing Company v. Secretary of Commerce,[5] 221 F.2d 902 (6 Cir. 1955), and by the Fourth Circuit in Grannis and Sloan, Inc. v. Renegotiation Board, 285 F.2d 908 (4 Cir. 1961), cert. denied 368 U.S. 822, 82 S.Ct. 40, 7 L.Ed.2d 27.

■ The petitioner has not presented any jurisdictional or constitutional issue for review. The Petition for Review therefore must be dismissed.

■ Petitioner contends the statute of limitations bars renegotiation. However, the issue of limitations is not jurisdictional. United States v. Martin Wunderlich Co., 94 U.S.App.D.C. 8, 211 F.2d 433 at page 436 (1954), held:

"[T]he Tax Court did not decide a question of its jurisdiction. Compare United States v. California Eastern Line, Inc., 1954, 93 U.S.App.D.C. 289, 211 F.2d 635. The court decided a mixed question of fact and law regarding the timeliness, and consequent limitation bar, of renegotiation of a particular contract. This was not a jurisdictional decision but one which properly falls within those incidental to the determination of the amount of excessive profits, unreviewable by any court."

---

4. Many of the cases dealing with the jurisdictional issue on petitions for review of excessive profits redetermination under the Renegotiation Act by the Tax Court were filed in the District of Columbia Circuit as that Circuit apparently had exclusive venue of renegotiation cas-

es until August 1, 1956, § 50 U.S.C.App. § 1218a.

5. The Court also held as an alternate basis for its decision that venue lay only in the Court of Appeals for the District of Columbia.

The limitations issue relates to a statutory defense which the Tax Court resolved by applying the facts to the statutory limitations of § 1215(c) of T. 50 U.S.C. App.[6]

As reasoned in Ebco Manufacturing Co. v. Secretary of Commerce, 221 F.2d 902, 904 (6 Cir. 1955) by Judge (now Mr. Justice) Stewart, the running of the statute of limitations is "a procedural question in the renegotiation process, final resolution of which Congress appropriately left to the Tax Court". And the particularization of the issue does not make it jurisdictional, Grannis & Sloan, Inc. v. Renegotiation Board, 285 F.2d 908 (4 Cir. 1961); nor does it make it constitutional, Boeing Company v. Renegotiation Board of United States, 325 F.2d 885 (9 Cir. 1963), cert. denied 377 U.S. 923, 84 S.Ct. 1220, 12 L.Ed.2d 215. In *Boeing*, the petitioners attempted to raise a constitutional issue by asserting "various errors of which it complains are so egregious when taken together as to have deprived it of due process of law, * * *" (at 886). But the Court there held that insufficient to raise a constitutional issue. Thus we have no jurisdiction to review the Tax Court's finding that the statute of limitations had not run.

■ The second issue raised by petitioner relates to the Tax Court's decision in upholding the denial of a standard commercial service exemption to it for the fiscal period in question.

In August, 1955, the Renegotiation Act was amended to permit the exemption of standard commercial services by Public Law 216, 69 Stat. 447 (1955). This complemented a like exemption for standard commercial articles enacted in 1954 by Public Law 764, 68 Stat. 1116 (1954). The exemption on services was applicable to amounts received or accrued by a contractor during the fiscal years after December 31, 1953 and before June 30, 1956, when Congress repealed the specific type of exemption contained in Section 106(a)(8) of the Renegotiation Act (See Public Law 870, 70 Stat. 786 (1956).) This Act for the period in question provided that the exemption shall apply only if the contractor or subcontractor files "at such time and in such form and detail as the Board shall by regulation prescribe, such information and data as may be required by the Board under its regulations for the purpose of enabling it to reach a decision with respect to the making of a specific finding under this paragraph".

The petitioner's fiscal year had already expired when this legislative exemption was enacted. The exemption was made retroactively applicable to part of the fiscal year involved, and the Renegotiation

---

6. Under § 1215(c) of Title 50 U.S.C.App., Section 105(c) of the Renegotiation Act of 1951, no proceeding to determine excessive profits shall be commenced more than one year after the statement required under subsection (e)(1) of this section is filed with the Board and if so commenced, must be "made within two years following the commencement of the renegotiation proceeding", exclusive of review but subject to extension of two year period by mutual agreement.

Section 105(e) of the Act, 50 U.S.C. App. § 1215(e) during the period in question required every person holding contracts subject to the Act to file with the Renegotiation Board "in such form and detail as the Board may by regulations prescribe" a financial statement on or before the first day of the fourth calendar month following the close of the contractor's fiscal year. This form should have been filed by December 1, 1954, but the form was actually not filed until 1958. The petitioner contended that it had satisfied the statutory requirement of filing by leaving a form with a renegotiation official in the Chicago office when in consultation with the official over some prior year's renegotiation proceeding. An unsigned copy of the 1954 report was found in the Board's renegotiation file but no signed copy was ever located.

The Board's regulations, 32 C.F.R. 1472.6(d)(1)(2) provided in pertinent part that the standard form of contractor's report shall be filed in the principal office of the Board in Washington, D. C. The Tax Court held that there was no filing of the required form by the petitioner in compliance with the Board's regulation for filing in Washington, D. C. and that the present proceedings were commenced within one year following the filing of the required form in 1958.

Board provided by notice in the Federal Register that the required report for a fiscal year ending in 1954 may be filed any time before October 1, 1955. This publication was on September 8, 1955, which gave only twenty-two days in which petitioner could file the required standard commercial service report and financial statement.

Petitioner did not file the standard form of contractor's statement until June 27, 1958 and made no application for a standard commercial service exemption for its fiscal year August 1954 until January 1960. Petitioner contends that the twenty-two day period was unreasonably short, arbitrary and capricious, thus constituting a violation of procedural due process. Whether the administrative ruling of respondent which allowed petitioner twenty-two days to file a necessary report violates recognized constitutional standards is a question we need not decide.

We are not faced with a situation in which an applicant missed the deadline by a few days. In this case no report form or financial statement was filed by petitioner covering the 1954 fiscal year until over two and one-half years after the established October 1, 1955 deadline, and no application for an exemption was made until over four years after the deadline. Certainly, petitioner having failed to act over these many months has no standing to object to the constitutionality of the twenty-two day filing period. Even had the filing period been substantially longer it is obvious that petitioner would not have complied. Consequently, the length of this filing period could not have worked toward petitioner's prejudice. We hold that petitioner, under the facts of this case, has no standing to object to the constitutionality of respondent's regulation.

The petitioner had filed its statement of non-applicability in which the standard commercial service exemption was marked "Claimed" about April 4, 1956, and contends that this was tantamount to an application for the commercial service exemption. This exemption was not self-executing, and as decided by the Tax Court "could only have been claimed by the filing of the standard commercial service report pursuant to § 1467.9 of the Board's regulations".

The Board could only grant the exemption on the basis of data supplied in a report showing a sufficient competitive market on the services furnished, and if a proper report were not filed, the mere claiming of an exemption would not leave the Board with any basis for a decision, and thus cannot be considered a filing of the required report. The Tax Court held "under the facts presented herein we are unable to conclude that either the regulation in question or its application to petitioner was so unreasonable as to be considered invalid", and ruled that petitioner's application for a standard commercial exemption was not timely filed.

While we think the Tax Court's decision on this point is clearly correct, this is an issue concerning questions of both law and fact on the excessive profits redetermination that is committed to the sole jurisdiction of the Tax Court, and, is thus, not reviewable by us.

The petitioner has presented no constitutional or jurisdictional issue in its Petition for Review of the Tax Court's decision on excessive profits, and has, therefore, presented no reviewable issue.

Petition for Review is dismissed.