**MARIE AND ALEX MANOOGIAN FUND, d/b/a Metal Parts Manufacturing Company, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 12088, 12089.**

United States Court of Appeals Sixth Circuit.

May 4, 1956.

As Amended on Denial of Rehearing July 23, 1956.

George L. Cassidy, Detroit, Mich., for appellants. George L. Cassidy, William C. Loud, Detroit, Mich., on the brief.

Frederick N. Curley, Washington, D. C., for appellee. Warren E. Burger, Melvin Richter, Frederick N. Curley, Washington, D. C., Fred W. Kaess, John L. Owen, Detroit, Mich., on the brief.

Before McALLISTER, Circuit Judge, and GOURLEY and STARR, District Judges.

GOURLEY, District Judge.

The within appeals involving judgments entered by the United States District Court for the Eastern District of Michigan for excess profits in connection with a renegotiation proceeding, were considered by this court upon oral argument on April 13, 1954. On April 28, 1954, the court entered its decision therein, in which it was stated, inter alia:

"To resolve the issue, it must be known whether the Commissioner of Internal Revenue or the Tax Court is the administrative agency to determine whether the appellant is a charitable organization, absolved from renegotiation for excess profits.

\*  \*  \*  \*  \*  \*

"It seems clear that we should withold determination of the present appeal pending further action by the Court of Appeals for the District of Columbia and any consequent proceedings in the tax court.

\*  \*  \*  \*  \*  \*

"Jurisdiction of the present appeal will be retained until the conclusion of the proceedings under the Renegotiation Act. After which event, the Court will entertain an application for further consideration of the issues presented in the within appeal." Marie and Alex Manoogian Fund v. United States, 6 Cir., 212 F.2d 369, 370.

The proceeding then pending in the Court of Appeals for the District of Columbia involved an appeal from the Tax Court order of December 11, 1953, which held to the view that the Tax Court is the proper administrative agency to determine whether appellant is a charitable organization absolved from renegotiation for excess profits rather than the Commissioner of Internal Revenue. While the District of Columbia appeal was pending, Congressional action restored jurisdiction to the Tax Court of appellant's cases (68 Stat. 1118), and the then pending appeal to the Court of Appeals for the District of Columbia was terminated when that court, on October 1, 1954, granted the government's motion to dismiss. The granting of this motion, together with the above mentioned Act of Congress, restored jurisdiction of appellant's appeals from the original order of the War Contracts Price Adjustment Board holding that appellant had realized excessive profits, to the Tax Court.

Accordingly, appellant proceeded to secure an adjudication before the Tax Court of the United States on the merits. By opinion and order of July 17, 1955, that Court ruled:

1. That petitioner had failed to establish that during the fiscal periods in question it was exempt from renegotiation within the purview of Section 403 (i) (1) (D) of the Renegotiation Act of 1943, 50 U.S.C.A.Appendix, § 1191(i) (1) (D).

2. That the Tax Court has exclusive jurisdiction in determining whether the contracts in question are subject to the Act.

3. That appellant has failed to establish that it is an organization exempt under Section 101(6) of the Internal Revenue Code of 1939, 26 U.S.C.A. Marie and Alex Manoogian Fund v. United States, 1955, 24 T.C. 412.

In its opinion, the Tax Court stated that the question whether an organization is exempt from renegotiation, as a charitable organization, presents a question of ultimate fact, or, at least, a mixed question of law and fact; that, to be entitled to such exemption under the Renegotiation Act of 1943, an organization had the burden of establishing that it was both organized and operated exclusively for one of the purposes specified in the statute; that the decision whether it was so operated is to be determined from the facts and circumstances in each particular case; that appellant had offered no evidence covering its operation; that it was impossible to determine from the evidence whether appellant was both organized and operated exclusively for the purposes specified in the statute, and therefore, not subject to renegotiation; that it had failed to establish that it was an organization exempt under the provisions of the statute, and that, accordingly, its excessive profits amounted to the sum found in the court's finding of fact. Under Title 50 U.S.C.A.Appendix, § 1191(e) (1), the Tax Court has exclusive jurisdiction to finally determine the amount of excessive profits received by a contractor such as appellant in this case.

The Tax Court has found that appellant was not exempt from renegotiation, and that its excessive profits were as stated in the Tax Court's findings of fact.

Appellant has filed a petition to review, before this court, the decision of the Tax Court which held that the contracts of appellant were not absolved from renegotiation for excessive profits.

After the filing of appellant's petition to review the decision of the Tax Court, the United States of America, appellee, filed a motion to docket and dismiss the petition filed by appellant, on the ground, among others, of improper venue.

We must first consider the petition for review of the Tax Court's decision before proceeding to a determination of the appeal from the judgment of the District Court for the Eastern District of Michigan, as we outlined in our prior opinion, Marie and Alex Manoogian Fund v. United States, 6 Cir., 212 F.2d 369.

Title 50 U.S.C.A.Appendix, § 1191(e) (1), provides that the Tax Court "shall have exclusive jurisdiction * * * to finally determine the amount, if any, of such excessive profits received or accrued by the contractor or subcontractor"; and it also provides that "such determination shall not be reviewed or redetermined by any court or agency."

Is the decision of the Tax Court that appellant was not exempt from renegotiation reviewable in this court? The crucial issue in this case, as we see it, is whether venue in the instant petition for review of the decision of the Tax Court lies in this court or in the Court of Appeals for the District of Columbia.

Section 1141(a) of the Internal Revenue Code of 1939 provides that the circuit courts of appeals and the United States Court of Appeals for the District of Columbia shall have exclusive jurisdiction to review the decisions of the Tax Court, with certain exceptions not here relevant; "and the judgment of any such court shall be final, except that

it shall be subject to review by the Supreme Court of the United States upon certiorari," in the manner provided by law. Section 1141(b) provides:

"Venue

"(1) In general. Except as provided in paragraph 2, such decisions may be reviewed by the Circuit Court of Appeals for the circuit in which is located the collector's office to which was made the return of the tax in respect of which the liability arises or, if no return was made, then by the United States Court of Appeals for the District of Columbia.

"(2) By agreement. Notwithstanding the provisions of paragraph 1, such decisions may be reviewed by any circuit court of appeals, or the United States Court of Appeals for the District of Columbia, which may be designated by the Commissioner and the taxpayer by stipulation in writing."

In this case, no "liability arises" in respect to any "return." No "collector," no "Commissioner," and no "taxpayer," as such, is party to the proceeding; and no return has ever been made in this case. Under Section 1141(b) (1), in a case where no return is made, the decision of the Tax Court is only reviewable by the United States Court of Appeals for the District of Columbia. "The language of section 1141 plainly requires the conclusion that where review of Tax Court decisions in renegotiation cases is permissible, venue for such review is in the Court of Appeals for the District of Columbia." Ebco Manufacturing Co. v. Secretary of Commerce, 6 Cir., 221 F.

2d 902, 904. "We find no law which fixes venue for this proceeding in this court," ibid.

From the foregoing, it is evident that the decision of the Tax Court was not the kind of determination that is reviewable in this court. But, if it were, it is difficult to see how, in any event, it could be set aside or reversed. In the Tax Court's decision, it is stated that appellant in that proceeding had bottomed its case solely on the ground of jurisdiction. Appellant in the Tax Court stressed that the Commissioner of Internal Revenue had previously held that it was exempt from renegotiation under Section 101(6) of the Internal Revenue Code, and that the Commissioner's holding on this subject was conclusive. It further contended that, accordingly, the Tax Court lacked jurisdiction to determine whether or not it was an exempt organization within the purview of Section 403(i) (1) (D) and (i) (2) of the Renegotiation Act of 1943. The basis of the contention that the Tax Court lacked jurisdiction to determine whether or not appellant was an organization exempt from renegotiation under the above statute was that Congress had not granted to the Renegotiation Board,[1] in the first instance, power to interpret and apply the exemptions from renegotiation, and that the Tax Court had no greater power or authority than the Renegotiation Board to determine the exempt status of an organization under the Renegotiation Act.[2] Appellant contends that because of the omission of Congress to grant the Renegotiation Board the authority to interpret and apply such exemptions, it was the legislative intent to confer exclusive authority upon the Commissioner of Internal Revenue to inter-

1. Section 403(i) (1) (D) and (i) (2), pertinent here, read as follows: "Sec. 403(i) (1) The provisions of this section shall not apply to—

\* \* \* \* \*

"(D) any contract or subcontract with an organization exempt from taxation under section 101(6) of the Internal Revenue Code; or

\* \* \* \* \*

"(2) The Board is authorized by regulation to interpret and apply the exemptions provided for in paragraph (1) (A), (B), (C), (E), and (F) and interpret and apply the definition contained in subsection (a) (7)."

2. However, a proceeding before the Tax Court to finally determine excessive profits is not a proceedings to review the determination of the Board, but is a proceeding *de novo*. Section 403(e) (1).

pret and apply the exemptions, although no provisions of the Act specifically conferred any authority upon the Commissioner of Internal Revenue. However, as the Tax Court said in its opinion in the instant case, Section 101(6) of the Internal Revenue Code had been in existence for many years; Congress was well aware that the statute and Treasury Regulations applicable thereto had been construed and applied by the federal courts, including the Supreme Court; and, under such circumstances, it was unnecessary to authorize the Renegotiation Board to make new regulations interpreting and applying the 'exemptions of organizations from renegotiation. The commissioner's determination on exemptions was not conclusive. The Tax Court had jurisdiction to decide that the contracts of appellant were subject to renegotiation. Macauley v. Waterman S. S. Corp., 327 U.S. 540, 544, 66 S.Ct. 712, 90 L.Ed. 839. Appellant solely relied upon the jurisdictional issue before the Tax Court; and the determination of that court, after deciding that it had jurisdiction, was based upon the failure of appellant to submit any evidence that it was organized and operated exclusively for one of the purposes specified in the statute. The Tax Court found as a fact the amount of excessive profits received by appellant, the appellant conceding that if its contracts were subject to renegotiation, it realized the excessive profits as found. But, in view of our decision, it it unnecessary for this court to pass upon the legal questions that were considered and determined by the Tax Court, or to review its findings of fact.

Our determination rests upon venue: Venue for review of the Tax Court's decision in the instant case is not, as heretofore stated, in this court, but in the United States Court of Appeals for the District of Columbia.

In accordance with the foregoing, the government's motion to docket and dismiss appellant's petition for review of the decision of the Tax Court is granted; and the judgments of the district court are affirmed.