**PSATY & FUHRMAN, Inc., v. STIMSON, Secretary of War, et al.**

No. 10156.

United States Court of Appeals District of Columbia Circuit.

Submitted May 15, 1950.

Decided May 22, 1950.

Mr. David Morgulas, Washington, D. C., submitted on the brief for petitioner.

Mr. Harland F. Leathers, Attorney, Department of Justice, Washington, D. C., with whom Assistant Attorney General H. G. Morison and Mr. Newell A. Clapp, Attorney, Department of Justice, Washington, D. C., were on the brief, submitted on the brief, for respondents.

Before PRETTYMAN, BAZELON and FAHY, Circuit Judges.

PER CURIAM.

Petitioner, on March 16, 1942, entered into a contract with the Government for the construction of a hospital. The Secretary of War renegotiated the contract on a completed contract basis and, on February 7, 1944, made a unilateral determination that petitioner had excessive profits of $700,000. Petitioner applied to the Tax Court for a determination that the renegotiation of its contract must be upon a fiscal (which in this case was calendar) year basis. The Tax Court supported the Secretary.

It is now settled that a question such as the one here before us, being neither constitutional nor jurisdictional, is one which the Tax Court under the statute, 50 U.S.C.A.Appendix § 1191, has exclusive and final jurisdiction to determine.[1] The petition must, therefore, be

Dismissed.

1. Lichter v. United States, 1948, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694; Aircraft & Diesel Equipment Corp. v. Hirsch, 1947, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796; Macauley v. Waterman S. S. Corp., 1946, 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839; Ring Const. Corporation v. Secretary of War of U. S., 1949, 85 U.S.App.D.C. 386, 178 F.2d 714, certiorari denied, 1950, 339 U.S. 943, 70 S. Ct. 796; Eastern Machinery Company v. Under Secretary of War, 1950, 86 U.S. App.D.C. —, 182 F.2d 99; Blanchard Mach. Co. v. Reconstruction Finance Corp., 1949, 85 U.S.App.D.C. 361, 177 F. 2d 727, certiorari denied, 1950, 339 U.S. 912, 70 S.Ct. 571; U. S. Electrical Motors v. Jones, 1946, 80 U.S.App.D.C. 329, 153 F.2d 134.