Mitchell **GOLBERT**, Petitioner,

v.

The **RENEGOTIATION BOARD**, Respondent.

No. 224, Docket 24796.

United States Court of Appeals Second Circuit.

Argued March 4, 1958.

Decided April 23, 1958.

Wegman, Epstein & Burke, New York City (J. Bertram Wegman, Myron L. Shapiro, New York City, of counsel), for petitioner.

George Cochran Doub, Asst. Atty. Gen., Morton Hollander, Seymour Farber, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before LUMBARD, WATERMAN and MOORE, Circuit Judges.

PER CURIAM.

The petitioner seeks reversal of a decision of the Tax Court determining that in the year 1952 he was a "subcontractor" subject to the provisions of the Renegotiation Act of 1951, 50 U.S.C.A. Appendix, §§ 1211–1233, and that he was not a full-time "employee" exempt from the coverage of the Act by Section 103(g) thereof. The Findings of Fact and Opinion of the Tax Court, 28 T.C. 728, that petitioner failed to establish that he was an employee are adequately supported by substantial evidence. Hence we consider only the claim by the petitioner that the Tax Court erred by placing upon him the burden of proving that he was an "employee" and not a "subcontractor."

 Rule 32 of the Rules of Practice Before the Tax Court of the United States, 26 U.S.C.A. (I.R.C.1954) § 7453 provides:

> "The burden of proof shall be upon the petitioner, except as otherwise provided by statute, and except that in respect of any new matter pleaded in his answer, it shall be upon the respondent."

The petitioner urges that inasmuch as Section 108 of the Renegotiation Act, 50 U.S.C.A.Appendix, § 1218, provides that review by the Tax Court of a determination by the Renegotiation Board "shall be treated as a proceeding de novo" the burden of proof is upon the respondent. A similar argument was raised before the Tax Court in Cohen v. Secretary of War, 1946, 7 T.C. 1002, and was rejected on the ground that the provision for a *de novo* proceeding had no relevance to a determination of where the burden of proof should lie before the Tax Court. The Congressional history of the Tax Court remedy is in full accord with the view that Congress intended the Tax Court to provide for rules governing the burden of proof. See H. Rep.No.871, 78th Cong., 1st Sess., p. 77, and see H.Rep.No. 1079, 78th Cong., 2nd Sess. p. 83, with reference to the predecessor to Section 108, Section 403(e) of the Renegotiation Act of 1943. In the absence of any intimation that Rule 32 is arbitrary or capricious there is no basis for disturbing the Tax Court's allocation of the burden. The determination that the burden is upon the petitioner is not contrary to Congressional intent.

The unsoundness of appellant's position before us is evident. The sole issue of fact before the Tax Court was created by petitioner's allegation "that he was a full-time employee and hence not subject to the provisions of the Renegotiation Act of 1951"; and at the hearing petitioner's counsel upon being queried by the court unequivocally stated it to be completely clear that the taxpayer had the burden of proof in this *de novo* proceeding.

Affirmed