**GRANNIS & SLOAN, INC., and Contractors Machinery Company, Petitioners,**

v.

**RENEGOTIATION BOARD, Respondent.**

No. 8122.

United States Court of Appeals Fourth Circuit.

Argued Oct. 6, 1960.

Decided Jan. 12, 1961.

Richard E. Thigpen, Charlotte, N. C. (Robert L. Hines and Richard E. Thigpen, Jr., Charlotte, N. C., on the brief), for petitioners.

Hubert H. Margolies, Atty., Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., and John G. Laughlin, Atty., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before HAYNSWORTH and BOREMAN, Circuit Judges, and LEWIS, District Judge.

HAYNSWORTH, Circuit Judge.

By this proceeding a contractor seeks review of a determination of the Tax Court that it realized $75,000 of excess profits from renegotiable business in its fiscal year ending December 31, 1952. We must dismiss the petition for lack of jurisdiction.

By § 403(e) (1) of the Renegotiation Act of 1942,[1] Congress expressly provided that the Tax Court of the United States should "have exclusive jurisdiction, by order, to finally determine the amount, if any, of such excessive profits received * * * by the contractor * * *, and such determination shall not be reviewed or redetermined by any court or agency." Plainly, Congress intended to deprive the Courts of Appeals of jurisdiction to review a Tax Court determination of the amount of a contractor's excessive profits.

Because the Courts of Appeals have a general jurisdiction to review decisions of the Tax Court,[2] the Court of Appeals for the District of Columbia Circuit, in which, alone, until 1956, there was venue of renegotiation cases,[3] recon-

1. 50 U.S.C.A.Appendix, § 1191(e) (1).

2. 26 U.S.C.A. § 7482(a) (1954 Code).

3. 26 U.S.C.A. § 7482(b) (1). Similar provisions were in § 1141 of the 1939 Code. See Ebco Manufacturing Company v.

ciled the two statutes by deciding that it could review the Tax Court's determination of its own jurisdiction, particularly the existence of renegotiable business, but that it had no jurisdiction to review the Tax Court's determination of the amount, if any, of excessive profits realized upon business subject to renegotiation.[4] This reconciliation of the two statutes was approved by the Supreme Court. United States v. California Eastern Line, Inc., 348 U.S. 351, 75 S.Ct. 419, 99 L.Ed. 383.

There is no question here of the Tax Court's jurisdiction. The contractor had earnings in 1952 from business subject to renegotiation. The only issue is the amount of profits actually realized on that business and the extent to which those profits may be regarded as "excessive" within the contemplation of the Act. The issue is presented on the basis of objection to specific findings on a number of subsidiary questions. These questions are directed to the propriety of the Tax Court's allocation and proration of certain receipts and expense items as between renegotiable and nonrenegotiable business. The contractor contends that certain expense items were improperly attributed to nonrenegotiable business, while other items of general expense were improperly prorated. He also contends that certain receipts which the Tax Court treated as equipment rentals subject to renegotiation should have been treated as payments upon conditional sales agreements because the equipment was subsequently sold under agreements which credited the purchaser with rentals previously paid.

Particularization of the issue does not make it jurisdictional however. Whether specific items of receipts or of disbursements, or a greater or smaller proportion of them, should have entered into the Tax Court's computation of profits on renegotiable business, the questions are but the means by which the contractor seeks to contest the determination of the amount of its excessive profits. They are the kind of questions which routinely arise in renegotiation cases. They are the kind of questions which the Congress must have had in contemplation when it provided that the Tax Court's determination of the amount of excessive profits should not be reviewable.

Since the petition presents only non-reviewable matter, we have no jurisdiction to consider its merits.

Petition dismissed.

Secretary of Commerce, 6 Cir., 221 F.2d 902. In 1956 Congress enacted a new venue section for renegotiation cases to the extent they are reviewable. 50 U.S. C.A.Appendix, § 1218a.

4. United States v. California Eastern Line, Inc., 93 U.S.App.D.C. 289, 211 F.2d 635; Knu-Vise, Inc. v. War Contracts Price Adjustment Board, 90 U.S.App. D.C. 218, 195 F.2d 198; Lowell Wool By-Products Co. v. War Contracts Price

Adjustment Board, 89 U.S.App.D.C. 281, 192 F.2d 405; Psaty & Fuhrman, Inc. v. Stimson, 87 U.S.App.D.C. 47, 182 F.2d 985; Eastern Machinery Co. v. Under Secretary of War, 86 U.S.App.D.C. 331, 182 F.2d 99; United States Electrical Motors, Inc. v. Jones, 80 U.S.App.D.C. 329, 153 F.2d 134. See also, Ebco Manufacturing Company v. Secretary of Commerce, 6 Cir., 221 F.2d 902; Vaughn Machinery Company v. Renegotiation Board, 6 Cir., 273 F.2d 235.