The BOEING COMPANY, formerly Boeing Airplane Company, Petitioner,

v.

The RENEGOTIATION BOARD OF the UNITED STATES of America, Respondent.

No. 18276.

United States Court of Appeals Ninth Circuit.

Dec. 12, 1963.

Holman, Marion, Black, Perkins & Coie, Andrew M. Williams and David E. Wagoner, Seattle, Wash., for petitioner.

John W. Douglas, Asst. Atty. Gen., Alan S. Rosenthal and David L. Rose, Attys., Civ. Div., Dept. of Justice, Washington, D. C., for respondent.

Before POPE, HAMLEY and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

This case arises under the Renegotiation Act of 1951, 50 U.S.C., App. § 1211, ff. Involved is the amount of excess profits received by the petitioner during

the calendar year 1952. The Tax Court determined that petitioner had received excess profits in the sum of $13,000,000. Jurisdiction of the Tax Court is conferred by section 108 of the Renegotiation Act, 50 U.S.C., App. § 1218. Petitioner says that we have jurisdiction under section 7482 of the Internal Revenue Code of 1954, 26 U.S.C. § 7482. The Renegotiation Board asks us to dismiss for want of jurisdiction. We conclude that the Board's position is correct and that this proceeding must be dismissed.

▇ Section 108 of the Renegotiation Act (50 U.S.C., App. § 1218) provides in part as follows:

"Upon such filing such court [the Tax Court] shall have exclusive jurisdiction, by order, to finally determine the amount, if any, of such excessive profits received or accrued by the contractor or subcontractor, *and such determination shall not be reviewed or redetermined by any court or agency.*" (Emphasis added) [1]

The history of the judicial interpretation of the language emphasized is reviewed in an opinion by Judge (now Mr. Justice) Stewart in Ebco Mfg. Co. v. Secretary of Commerce, 6 Cir., 1955, 221 F.2d 902, and we do not repeat that review here. We agree with the views there expressed, that the Supreme Court in United States v. California Eastern Line, Inc., 1955, 348 U.S. 351, 75 S.Ct. 419, 99 L.Ed. 383, approved the construction given to the statute by the Court of Appeals for the District of Columbia Circuit. That court had held in a series of decisions, cited in the Ebco case, that the Court of Appeals has jurisdiction to review the Tax Court in renegotiation cases on constitutional or jurisdictional grounds, but that the limitation contained in the statute prevents a review of the Tax Court's determination of the amount of excess profits, "including questions of both law and fact in such determination."

▇ All of the questions presented in Boeing's petition are, in our judgment, questions of law and fact entering into the determination of the amount of its excessive profits. It claims that the Tax Court erred in deciding that certain expenditures on a prototype aircraft were not to any extent allowable as a cost of renegotiable business. It asserts that the Tax Court misapplied certain of the statutory factors to be taken into account under section 103(e) of the Renegotiation Act (50 U.S.C., App. § 1213(e)). It objects to the Tax Court's analysis of incentive type contracts. Clearly, all of these are questions of both fact and law entering into the determination of the amount in question. It also asserts that it did not get a *de novo* hearing before the Tax Court, primarily because the Tax Court placed the burden of proof upon it. This is certainly neither a jurisdictional nor a constitutional question. (See Golbert v. Renegotiation Board, 2 Cir., 1958, 254 F.2d 416) Finally, Boeing asserts that the various errors of which it complains are so egregious when taken together as to have deprived it of due process of law, thus attempting to raise a constitutional issue. We agree with the view of the 4th Circuit in Grannis & Sloan, Inc. v. Renegotiation Board, 1961, 285 F.2d 908 that "particularization of the issue does not make it jurisdictional," nor in this case does it make it constitutional. In its petition Boeing states: "Boeing is aware that mere error or mistake on the part of the trial court does not necessarily deprive an unsuccessful litigant of property without due process of law." We agree, and we think this is an accurate description of Boeing's contentions under this heading.

Dismissed.

---

1. In 1962 (Pub.L. 87–520, 87 Cong., 76 Stat. 134) this provision was modified by the addition of section 108A, and a corresponding amendment of section 108 (see U.S.C. Supp. IV, 50 U.S.C., App. §§ 1218, 1218a). The amendment is not applicable here.